UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) NO. 2:20CR148-PPS/JPK |
| TERRANCE BROWN, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Terrance Brown was convicted of bank robbery after a non-jury trial. [DE 68.] I sentenced Brown to a prison term of 180 months. [DE 84 at 2.] The judgment also imposed restitution in the amount of $12,724 to be paid to the First Midwest Bank. [DE 84 at 5.] Now before me is a "Motion to Suspend Court Ordered Restitution," filed from prison by Brown, acting without an attorney. [DE 106.] In the motion, Brown asserts that the restitution "was not ruled on as a (sic) immediate act of payment nor declined as one." [*Id.*] Brown suggests that he is being compelled to make payments toward his restitution during his incarceration, and "ask[s] the court to make a ruling to suspend the FRP FBOP payments due to financial collection and also the appeal pending with this legal matter." [*Id.*]

First of all, my authority to alter a sentence previously imposed is strictly limited under Rule 35 of the Federal Rules of Criminal Procedure and 18 U.S.C. §3582(c). Brown presents no circumstances that support an amendment to his sentence.

In any event, Brown (and perhaps the prison authorities) appear not to appreciate all the provisions of Brown's judgment that govern his payment of restitution.  Discretionary Condition #15 of Brown's term of supervised release provides that: "Restitution shall be paid at a minimum rate of $100 per month **commencing one month after placement on supervision** until said amount is paid in full." [DE 84 at 4 (emphasis added).]   Whether Harris will participate in the Bureau of Prisons Inmate Financial Responsibility Program (or FRP) is addressed in Discretionary Condition #16, where the judgment clearly states that Harris's "participation in the program **is voluntary**."  [DE 84 at 5 (emphasis added).]

In view of all applicable provisions of the judgment in this case, it appears that Harris himself can determine whether or not restitution payments are paid from his wages earned in prison under the FRP.  Harris does not demonstrate that I can, or that I should, make any order modifying the judgment or telling prison authorities how to conduct their responsibilities.

ACCORDINGLY:

Defendant Terrance Brown's Motion to Suspend Court Ordered Restitution [DE 106] is DENIED.

The Clerk shall provide a copy of this order to Brown at the place of incarceration from which he filed the motion.

SO ORDERED.

ENTERED: September 13, 2022.   /s/ Philip P. Simon
                                UNITED STATES DISTRICT JUDGE