UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 2:20CR148-PPS ) |
| TERRANCE BROWN, | ) ) |
| Defendant. | ) ) |

### **OPINION AND ORDER**

Terrance Brown has been convicted and sentenced for bank robbery. The conviction and sentence have been affirmed on appeal. Brown's latest challenge to his conviction takes the form of a motion for new trial pursuant to Fed.R.Crim.P. 33(b)(1). [DE 114.] That provision permits a motion "grounded on newly discovered evidence" to be filed within 3 years after a verdict or finding of guilty.[1] For several reasons, the motion will be denied.

First, though it arrived in an envelope printed with the return address of the federal penitentiary where Brown is housed, the motion is unsigned. A fundamental requirement of all court filings is the signature of the filer. *See* Fed.R.Crim.P. 49(b)(4) ("Every written motion and other paper must be signed...by a person filing a paper if the person is not represented by an attorney. The paper must state the signer's address...."). Rule 49(b)(4) directs that the court "must strike an unsigned paper unless

---

[1] By contrast, a motion for trial on other grounds must be filed within 14 days after the verdict or finding of guilty. *See* Rule 33(b)(2).

the omission is promptly corrected after being called to the attorney's or person's attention." Because there are more fundamental deficiencies of the motion, however, it will be denied without the lack of signature being addressed.

Next, the motion is to a large degree unintelligible. I literally can't understand what the motion alleges or argues. Oblique references are made to the Illinois Biometric Information Privacy Act, "mechanical mechanism errors in criminal booking procedures," lab technician testimony, and items found on Brown at the time of his arrest. [*Id*. at 1, 2.] What is not clearly stated is what newly discovered evidence the motion is based on.

Finally, the motion falls well short of the standards applicable to a motion for new trial under Rule 33(b)(1). To receive a new trial on the basis of newly discovered evidence, a defendant must show "that the evidence came to their knowledge only after trial; could not have been discovered sooner had due diligence been exercised; is material and not merely impeaching or cumulative; and would probably lead to an acquittal in the event of a retrial." *United States v. Jones*, 79 F.4th 844, 859 (7th Cir. 2023) (internal citations and quotation marks omitted). The motion before me does not address, much less demonstrate, these requirements.

For all these reasons, the motion will be denied.

ACCORDINGLY:

Defendant Terrance Brown's Motion for New Trial [DE 114] is DENIED.

SO ORDERED on February 7, 2024.

                                           /s/ Philip P. Simon
                                           UNITED STATES DISTRICT JUDGE